JAMES JACKSON *v.* JOSEPH KIRBY.

*Contract.   Usury.   Evidence.   Pleading.   Husband and Wife.*

The plaintiff, on the 1st of April, 1856, purchased of the defendant and his wife the interest of the defendant's wife in the estate of her deceased father for $250.; the plaintiff thereupon executed to the defendant's wife a note for that sum payable on or before ten years from its date without interest, and also executed ten other notes for $20. each, payable one yearly during that period without interest, and the defendant and his wife executed an agreement under seal to deed said interest in said estate to the plaintiff when he should pay said note of $250., and also to give up to him all of said twenty dollar notes which should remain unpaid at the time he should pay said note of $250., and this agreement stated that the consideration of the note of $250. was "the sum which the plaintiff was to pay for the said farm." The plaintiff paid to the defendant one of the twenty dollar notes yearly for six years and on the 29th of August, 1862, paid him said note of $250. and so much of the seventh twenty dollar note as was in proportion to the year it was covering. *Held,* that this transaction was not upon its face usurious.

*Held,* that parol evidence was admissible to show that the twenty dollar notes were given for yearly interest on the note for $250. at the rate of eight per cent. per annum, and that there was no other consideration for them.

*Held,* that an action to recover the usury paid by the plaintiff was properly brought against the defendant alone.

*It seems* that under our statute usury may exist where a money debt is created and forborne by the agreement of the parties, even though there may be in such case no loan of money.

GENERAL ASSUMPSIT to recover money alleged to have been paid as usury. Plea, the general issue, and trial by jury, April Term, 1864, PIERPOINT, J., presiding.

It appeared on trial that at the time in question the wife of the

Jackson *v.* Kirby.

defendant was the sister of the plaintiff, and prior to April 1st, 1856, Jackson, the plaintiff's father, had died intestate, and thereupon certain real estate and some personal estate had descended to the plaintiff and to the wife of the defendant as heirs of Jackson the elder (in common with other heirs;) that on said 1st day of April, 1856, the parties mutually executed a bond or covenant in which the defendant Joseph Kirby and his wife Mary agreed to deed their right and claim to said real estate, which was the farm where Mrs. Ann Jackson then lived, to the plaintiff, James Jackson, when he should pay or cause to be paid a certain promissory note of even date with this agreement and given for two hundred and fifty dollars, and also agree to give up to the said Jackson all of ten promissory notes that should remain unpaid at the time Jackson should pay the two hundred and fifty dollar note, said ten notes being written for twenty dollars each and of even date with this agreement. And the said James Jackson in consideration thereof agreed to pay said Joseph and Mary the promissory note given for two hundred and fifty dollars,—the consideration of said note being the sum he was to pay for said real estate. And for the due performance of the several agreements, the parties bound themselves, their heirs and assigns in the penal sum of five hundred dollars.

This agreement was signed and sealed by the parties.

On that occasion the plaintiff executed to the defendant's wife a note for $250. payable on or before the expiration of ten years from said date and also ten twenty dollar notes payable one yearly during the same period, none of said notes bearing interest. The plaintiff thereupon entered into possession of the whole share of Mrs. Kirby in said estate of her father and has so continued in possession for his own benefit ever since. The plaintiff paid the defendant one of said twenty dollar notes yearly for six years, and on the 29th of August, 1862, paid up the two hundred and fifty dollar note and so much of the seventh twenty dollar note as was in proportion to the year it was covering, and thereupon the defendant and his wife conveyed to the plaintiff all the share of the defendant's wife in said estate of his father pursuant to the stipulations in said bond or covenant. And at the same time the residue of said twenty dollar notes was given up.

---

Jackson v. Kirby.

---

The plaintiff then testified in chief against the objection of the defendant that the two hundred and fifty dollar note was given for the price of said wife's share in said estate, and said twenty dollar notes were given for yearly interest on the two hundred and fifty dollar note at the rate of eight per cent. per annum, and that the bargain on the occasion of giving the notes and the execution of the bond or covenant, was that the plaintiff should pay on said agreed price interest at the rate of eight per cent. per annum until he should pay said price and take a conveyance of the property and that there was no other consideration for the twenty dollar notes.

On cross-examination the plaintiff testified that he raised no money from the defendant on loan or otherwise, that the transaction was a real business one for the purchase of said property, and that whenever he paid the notes as aforesaid the defendant and his wife were to convey the property which was all they were to do, and that on such payment they did do so. The plaintiff then rested.

No witness except the plaintiff was examined. No claim was made that the transaction was any cover made for the purpose of taking or concealing usury.

The defendant thereupon insisted that upon this evidence the action could not be maintained. And the court so decided, and directed a verdict for the defendant,—to which decision the plaintiff excepted.

*Jeremiah French* and *H. W. Dana,* for the plaintiff, maintained *first,* that this transaction was, upon its face, usurious. But *second,* whatever character may be given to the transaction on its face, the circumstances, when taken in connection with the plaintiff's evidence, if true, clearly make a case of usury.

The plaintiff's evidence was admissible. It did not vary, add to or contradict the written contract between the parties. It only tended to prove what the *consideration* for the twenty dollar notes really was. This is always proper. 1 Greenleaf's Ev. §§ 284, 304.

This evidence made out a case of usurious payments.

There is no necessity for any *loan of money ;* the usury is complete when a money debt is created and foreborne ; and, therefore, where, as in this case, the original contract by which the debt was created is for the purchase and sale of property, it is as much usury for the

Jackson *v.* Kirby.

vendor to demand and receive more than legal interest for the forbearance of such a debt, as it would be if there had been an actual lending of money. *Newkirk* v. *Burson*, 21 Ind. 129, see Monthly Law Reporter for February, 1864, p. 228 ; *Crawford* v. *Johnson*, 11 Ind. 28, 19 U. S. Dig. 679, § 26 ; *Parker* v. *Ramsbotton*, 3 B. & C. 257, 10 E. C. L. 69 ; *Thompson* v. *Nesbit*, 2 Rich. 73, 7 U. S. Dig. 476, § 12 ; *Ferguson* v. *Stilphen*, 3 Gilman, 547, 7 U. S. Dig. 476, § 19 ; *Tyson* v. *Ricard*, 3 Har. & J. 109, 3 U. S. Dig. 613, § 13 ; And see also *Carlis* v. *McLaughlin*, 1 D. Chip. 111, and *Whipple* v. *Powers*, 7 Vt. 457.

*L. F. Wilbur* and *G. F. Edmunds*, for the defendant.

The agreement between the parties was not usurious.

The plaintiff's evidence does not characterize the trade as usurious, taken in connection with the bond and other evidence. Chit. on Con. 6 Am. Ed. 703–4 ; *Agricultural Bank* v. *Bissell*, 12 Pick. 586 ; *Richards* v. *Brown*, Cowp. 770 ; *Morse* v. *Wilson*, 4 T. R. 356 ; *Floyes* v. *Edwards*, Cowp. 113–5 ; *Marisset* v. *King*, 1 Burr. 891.

The plaintiff's evidence " against the objection of the defendant" was inadmissible as it tended to vary the agreement as expressed in the bond.

It should be a joint action against the defendant and wife to enable the plaintiff to recover the usury if any.

KELLOGG, J. The contract out of which the alleged usurious interest in this case arose was for the purchase of property and not one of borrowing and lending money. It is not claimed that there was any *loan*, but it is insisted that there was an agreement for the sale of the property at the price of two hundred and fifty dollars, and that the ten twenty dollar notes—of which one was payable in each year successively for ten years,—were executed for the forbearance of the agreed price of the property for that period, and as interest on that price at the rate of eight per cent. per annum. The defendant's wife was a sister of the plaintiff, and the property purchased by the plaintiff was her interest or share in the estate of her father. On the occasion of the purchase, an agreement under seal was executed between the defendant and his wife on the one part and the plaintiff on the other, in which the defendant and his wife agreed, that, on the payment of a note for this sum of two hundred and

fifty dollars, they will convey to the defendant a farm which was part of the property purchased, and will give up to him all of the ten promissory notes then remaining unpaid; and this agreement also contains a recital that the consideration of the note for two hundred and fifty dollars was " the sum which the plaintiff was to pay for the said farm." This agreement does not determine the real character and substance of the transaction, so that the alleged usury can be said to be exposed on the face of the instrument. *Res ipsâ non loquitur.* If the twenty dollar notes were in fact executed and received for the yearly *interest* on the purchase money of the property, and there was an agreement deferring the payment of this purchase money for ten years, or until the time when the note for two hundred and fifty dollars became payable, then they were clearly usurious. But if those notes constituted a part of the purchase money of the property, or if they were in good faith intended by the parties to represent the use or rent of the property while occupied by the plaintiff before he became entitled to a conveyance of it by the payment of the purchase money, then they should be regarded as being free from objection on the score of usury, and as containing no element of illegality. The agreement under seal is consistent with either view of the case, and the determination of these questions must rest on extrinsic evidence. If these twenty dollar notes were executed for the yearly *interest* on the purchase money, the transaction must be considered as usurious on its face, even though it was not intended as a cover for the purpose of taking or concealing usury.

By directing a verdict for the defendant, the county court proceeded on the ground that there was no evidence tending to show an existing debt from the plaintiff to the defendant and his wife, and the forbearance of such debt in consideration of an agreement for the payment of usurious interest on it. The payment of the note for two hundred and fifty dollars is the only condition precedent to the execution of the deed from the defendant and his wife to the plaintiff, according to the provisions of the contract under seal, but this is not conclusive in respect to the character or consideration of the twenty dollar notes. The plaintiff testified in chief that the two hundred and fifty dollar note was given for the price of the share of . the defendant's wife in her father's estate, and that the twenty dollar

Jackson *v.* Kirby.

notes were given for *yearly interest* on the two hundred and fifty dollar note, at the rate of eight per cent. per annum, and that the bargain, on the occasion of the giving of the notes and the execution of the agreement under seal was that the plaintiff should pay on this agreed price interest at that rate until he should pay this price and take a conveyance of the property, and that there was no other consideration for the twenty dollar notes. We have no doubt that, under our statute, usury may exist where a money debt is created and forborne by the agreement of the parties, even though there may be in such case no loan of money ; and we regard the plaintiff's testimony as tending to show the creation of a debt, and an agreement for the forbearance of it on a rate of interest which was illegal. This testimony had no tendency to vary the contract contained in the agreement under seal in respect to the consideration of the twenty dollar notes, or to contradict that agreement in any particular, and was clearly admissible. We think that it should have been submitted to the jury ; and, on this ground the judgment of the county court is reversed.

It is objected on the part of the defendant, that this action should have been brought against himself and his wife jointly, and not against himself alone ; but we think that this objection cannot be sustained without assuming the existence of facts which do not appear in the case. The defendant appears to have been a party to the original contract for the sale of the property to the plaintiff, and to the agreement under seal, and also to have received the money which was paid by the plaintiff on the notes, and that money may still remain in his possession ; and no fact is stated which has any tendency to connect his wife with the plaintiff's cause of action except her interest, originally, in the consideration of the notes in question. This is not, of itself, sufficient to justify the conclusion that she had, at the time when this suit was commenced, a present interest in the subject matter of this litigation ; and there is no evidence tending to show that she ever received any part of the money paid by the plaintiff to her husband on these notes.

Judgment of the county court reversed, and a new trial granted.